Hay, Judge,
delivered the opinion of the court:
This case is before the court upon the demurrer of the defendant to the plaintiff’s petition.
The petition alleges that the plaintiff was the lessee of a farm of 970 acres on Spesutia Island, Harford County. Mel., of which he had been in possession since September, 1915. Attached to said farm was a right of way through another farm on the same island with a right to a landing and ferry which pertained to the farm through which the plaintiff had a right of tvay, and which connected with the mainland upon which plaintiff was lessee of 85 acres of land used as the mainland landing of the ferry.
The petition further alleges that Congress passed an act on the 6th day of October, 1917, for the establishment of a proving ground, and on October 16, 1917, the President, by virtue of the authority given him by said act, issued a proclamation wherein certain lands described therein, including all of the farm of 970 acres, were declared to be necessary for the establishment of said proving ground; that on October 20, 1917, certain officers of the United States Army, representing the Secretary of War, notified the plaintiff that they came to take possession of said farm, and that the plaintiff must vacate the said premises by December 1, 1917. The plaintiff requested permission to retain the high-grade stock on the farm later than December 1, that it might be disposed of to advantage, which request was *942 denied, and immediately thereafter the plaintiff began to remove and dispose of his personal property on the farm and to sell the high-grade stock, which he did to his great loss and damage.
On December 14, 1917, the President issued another proclamation wherein it was declared that the land described therein was necessary for the proving ground aforesaid, but under this proclamation the farm of 970 acres on Spesutia Island was excluded and was not taken for the proving ground aforesaid. The 35 acres of land on the mainland was included as a part of the land necessary for the establishment of said proving ground, and thereby, the plaintiff alleges, the most material part of the land which he leased was taken, as it was the, only right of way leading to and from the mainland: and the plaintiff further alleges that by the taking of the said 35 acres the defendant has taken possession of the farm of 970 acres lying on said island; that by reason of the acts which the defendant has committed and is committing thereon the defendant has taken said farm without due compensation paid to him. These acts are set out on pages 5, 0, and 7 of the plaintiff’s petition, and are as follows:
“ 1. By articles, notices of warning and maps published in the newspapers of Harford County and the city of Baltimore in the latter part of April, 1918, in pursuance of orders issued by the defendant through its Secretary of War and by blue prints also issued in pursuance thereof, part of the aforesaid farm 'in possession of your petitioner, together with his only means, of direct ingress and egress to and from the mainland was declared to be within the danger zone, arising out of the use of the land taken under the aforesaid proclamation for purposes of testing ordnance, and the public, including your petitioner, was warned to keep out of the aforesaid zone and your petitioner was permitted to cross this danger zone only at his own risk and subject to a pass and search of himself, his family, his servants, and his visitors.
“ 2. That the defendant has constantly since the taking-over of the land for the Aberdeen Proving Ground flown airplanes carrying bombs over the aforesaid land of your petitioner on the mainland and on Spesutia Island, orders having been issued to the pilots of the aforesaid airplanes to avoid flying over the buildings of the proving ground *943 and firing range on account of the danger to life and property and as a result of these aforesaid flights of the aforesaid airplanes carrying bombs. The aforesaid flights of airplanes have continued since 'the establishment of the proving ground at Aberdeen in 1917.
■ “ 3. That the defendant has fired shells from antiaircraft guns over and on his aforesaid farm, several whereof have burst in the trees very near the front porch of his mansion house.
“ 4. That the defendant’s agents have dropped at various ' times upon his farm bombs from airplanes, as well as upon his means of ingress and egress to his aforesaid farm, one of these bombs having been dropped within 1,000 yards of the main bam upon the place, and your petitioner avers that these aforesaid acts have constituted and do constitute a taking of his aforesaid interest in the aforesaid farm.
“ 5. That the defendant flies its airplanes over the plaintiff’s farm, many of which have fallen upon the said farm. One plane fell in flames within a few feet from your plaintiff’s front porch, thereby endangering the whole farm, due to the inflammable condition of the marshes, grasses, and buildings.
“ 6. The defendant after giving the notice of taking possession of the plaintiff’s farm, as aforesaid, proceeded to take possession thereof and placed gangs of men at the work of cutting trees thereon in furtherance of the defendant’s own plans for the use of the said farm.”
The plaintiff alleges that by reason of the acts of the'defendant he has suffered loss and damage to the amount of $10,000.
The action of the Government in establishing the proving’ ground was a legitimate governmental action reasonably taken for the public good in time of war and for no other purpose. The plaintiff was a tenant on the premises. The losses of which he complains were incidental to the taking of the property by the United States for the public good in time of war. No property of the plaintiff was actually taken by the United States. The fact that he was compelled to sell certain of his property at a loss as a consequence of the taking does not make the United States liable for any loss which he might thereby have incurred.
In order to recover in this court an implied promise to make compensation by the United States must be shown. These things were not actually taken, and no basis for an *944 implied promise to make compensation is alleged in this petition.
• As to the taking of the 35 acres on the mainland, it appears that the plaintiff was the lessee of that land, not the owner of it. The land was taken from the owner, and presumably the owner was paid for it by the United States, and in that payment was presumably included the value of the ferry and landing. At all events there is no privity between the United States and the plaintiff, who was only the lessee of the property taken.
The acts alleged by the plaintiff in his petition on pages 5, 6, and 7, as constituting a taking are not such as to make the defendant liable to the plaintiff. They are purely incidental. No property has been actually taken, and the United States can not be required to make compensation for any damage or injury to property caused by the exercise of the sovereign power of the Government. Manifestly there is here no basis upon which an implied promise for compensation can be predicated, and upon no other basis can the plaintiff recover for his alleged damage and loss in this court.
The demurrer of the defendant must be sustained and the petition of the plaintiff dismissed. It is so ordered.
Graham, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.